**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAZHAR A. SAYED,

    Plaintiff - Appellant,

v.

LIEUTENANT VIRGINIA PAGE,
Sterling Correctional Facility; CAPTAIN
MICHAEL TIDWELL, Sterling
Correctional Facility; SERGEANT
HRADECKY, Sterling Correctional
Facility; JOHN DOE, 1, C/O Sterling
Correctional Facility; JOHN DOE, 2, C/O
Sterling Correctional Facility,

    Defendants - Appellees.

No. 20-1138
(D.C. No. 1:16-CV-02712-WJM-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **EID**, Circuit Judges.
_____

Hazhar A. Sayed is a pro se Colorado inmate who appeals the district court's grant

of summary judgment for failure to exhaust his First and Eighth Amendment claims.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

This action arose from an altercation between Sayed and several staff members of Colorado's Sterling Correctional Facility (S.C.F.). According to the amended complaint, Sayed had previously lodged a grievance against Lt. Virginia Page.[1] As recounted by Sayed, on May 2, 2015, Capt. Michael Tidwell summoned Sayed to S.C.F.'s control center, ostensibly to discuss the grievance, but when he arrived, Tidwell struck him in the eye and accused him of being a snitch. Sgt. Robert Hradecky then tackled him and both officers and others beat him while Page watched but did not intervene. Sayed alleged that during the fight, Tidwell willfully and intentionally broke his little finger, declaring, "We're even now." R., Vol. 1 at 37 (internal quotation marks omitted). Tidwell later announced over the prison intercom that Sayed was a federal informant, he was serving a sentence for sexual assault, and he had a fake mittimus. He averred that after making the announcement, Tidwell turned to him and said, "See how we deal with snitches in S.C.F." *Id.* (internal quotation marks omitted). Much of the physical altercation was captured on video, but there is no audio either of the incident or the alleged intercom announcement.[2]

Sayed later brought this suit, alleging defendants violated his First and Eighth Amendment rights by assaulting him in retaliation for filing the grievance against

_____

[1] Defendants inform us that Lt. Virginia Page was incorrectly identified as Lt. Page Virginia. We have corrected our caption and refer to her accordingly.

[2] Sayed was convicted on two counts of assault for his role in the melee.

Page.  Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) based on qualified immunity, but the district court denied the motion, and a panel of this court affirmed, *see Sayed v. Virginia*, No. 17-1445 (10th Cir. July 31, 2018).  Upon returning to the district court, defendants moved for summary judgment, arguing, among other things, that Sayed failed to exhaust his administrative remedies.  A magistrate judge agreed and recommended granting the motion for lack of exhaustion.[3]

Over Sayed's objections, the district court adopted the magistrate judge's recommendation and granted summary judgment to defendants on exhaustion grounds.  The court determined that Sayed filed grievances on May 8, 2015, and October 18, 2016, but these grievances failed to properly exhaust his claims.  The court reasoned that the May 8 grievance sought different relief than that sought in Sayed's amended complaint—*viz.*, the May 8 grievance requested physical therapy for his hand and transfer out of administrative segregation back into the general prison population, while the amended complaint sought damages and a declaratory judgment that defendants violated his First and Eighth Amendment rights.  As for the October 18 grievance, the court determined that Sayed failed to specifically object to the magistrate judge's determination that the grievance was untimely.  Accordingly, the court reviewed only for clear error and found none.

---

[3] The magistrate judge also determined that Sayed's Eighth Amendment claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the video of the incident did not support Sayed's version of events to create a fact issue.  The district court declined to adopt those portions of the magistrate judge's report and recommendation, and those issues are not before us.

3

Sayed moved the district court to alter or amend the judgment, but before the court ruled on the motion, he filed his notice of appeal. The district court subsequently denied the motion, but Sayed did not amend his notice of appeal. Thus, that ruling is not before us. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

II

We review de novo the district court's grant of summary judgment for failure to exhaust. *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011). "Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "language is mandatory." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (internal quotation marks omitted). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Moreover, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "The level of detail necessary in a grievance to comply with the [prison's] grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not

the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

On appeal, Sayed does not discuss his October 18 grievance, so any issue regarding that grievance is waived. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

Regarding the May 8 grievance, Sayed offers two arguments, both of which are unavailing. First, he contends it was unnecessary to seek the same relief in his grievance and in his amended complaint because the grievance process permits, but does not require, inmates to specify the relief they seek. But the governing regulatory provision, Colorado Department of Corrections (CDOC) Administrative Regulation (Admin. Reg.) 850-04 § IV.D.6, expressly states that a grievance "shall address only one problem or complaint *and include a description of the relief requested*." R., Vol. 1 at 285 (emphasis added). This provision plainly requires an inmate to include in the grievance a description of the relief requested. Indeed, the next section of the regulation, § IV.D.7, states that if an inmate fails to request a remedy, the remedy is waived: "A substantive issue or *remedy may not be added at a later step* if it has not been contained in each previous step of that particular grievance. . . . Failure to renew [the] requested relief in subsequent steps *shall be deemed a waiver* of [the] requested remedy." R., Vol. 1 at 285 (emphasis added). Moreover, § IV.D.9.b, which establishes how grievances must be submitted for review, requires that a "grievance shall clearly state the basis for the grievance and

5

*the relief requested* in the space provided on the form." R., Vol. 1 at 285 (emphasis added).

These provisions clearly state that an inmate waives any remedy he does not request. The implication for Sayed is that if his May 8 grievance failed to include a request for damages and declaratory relief, he waived those remedies and failed to exhaust his claims. That is exactly what happened.

The May 8 grievance described Sayed's version of the altercation, alleging that Tidwell kicked and struck him. Sayed averred that he sustained contusions, abrasions, and lacerations, and he asserted the assault violated his First, Eighth, and Fourteenth Amendment rights. He then identified the specific relief he was seeking:

> Remedy, 1) I am asking for immediate need for physical therapy or other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration and function of broken hand and a rib; and 2) Immediately release Mr. Sayed from Punitive Segregation and place him in general population, with restoration of all rights and privileges.

*Id.* at 261. Nowhere did Sayed indicate that he sought damages or declaratory relief. Consequently, he waived those remedies and failed to properly exhaust his claims.

Attempting to avoid this conclusion, Sayed points to another provision of S.C.F.'s grievance process, which he says makes it optional for an inmate to request a remedy in his grievance. Specifically, he cites CDOC Admin. Reg. 850-04 § III.J, which defines "Remedy" as a "response, action, or redress requested by the offender grievant . . . which *may* include modification of facility policy, restoration of or restitution for property, or assurance that abuse will not recur." R., Vol. 1 at 282

6

(emphasis added).  Sayed contends the word "may" in this definition is permissive and indicates that an inmate can, but need not, specify a particular remedy in his grievance.

We disagree.  The definition simply describes the scope of relief available to an inmate, noting three examples of the type of relief that "may" be granted.  It does not, however, give an inmate the option of requesting a remedy in his grievance.

Sayed also relies on *Spruill v. Gillis*, 372 F.3d 218, 233 (3d Cir. 2004), in which the Third Circuit held that an inmate was not required to include a request for damages in his grievance because the prison's grievance process did not mandate the inclusion of a damages request in the grievance.  *Spruill* is not controlling, however, because CDOC's administrative process governs this case.  And in any event, the Third Circuit has since recognized that the relevant prison grievance process at issue in *Spruill* was amended to require that damages be sought in the grievance, and, therefore, an inmate who failed to include a request for damages in his grievance (as Sayed did) defaulted his claim for money damages.  *See Wright v. Sauers*, 729 F. App'x 225, 227 (3d Cir. 2018) (unpublished).

Sayed's second argument concerning the May 8 grievance also is unavailing.  He contends it would have been futile to request damages in his grievance because the governing prison regulations expressly exclude damages as an available remedy. *See* R., Vol. 1 at 282 (CDOC Admin. Reg. 850-04 § III.J) ("[D]amages for pain and suffering, and exemplary or punitive damages[,] are not remedies available to offenders.").  Nevertheless, "Congress has mandated exhaustion clearly enough,

7

regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). There is no futility exception to the exhaustion requirement, even if a prison "has no power to decree relief," *id.* at 741 n.6 (ellipsis and internal quotation marks omitted), and even if money damages are not available through the prison's grievance process, *see Porter*, 534 U.S. at 524. Sayed failed to exhaust his claims, and the district court was correct to dismiss them.

III

The judgment of the district court is affirmed. Sayed's motion to proceed without prepayment of costs and fees is granted. The Clerk's Office is directed to file the Reply Brief, which was considered in determining this appeal.

Entered for the Court


Allison H. Eid
Circuit Judge